IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ARMANDO MASCOTT HURTADO<br><br>                    Petitioner,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | MEMORANDUM OPINION AND ORDER<br><br><br><br>Case No. 1:05-CV-133 |

Petitioner Armando Mascott Hurtado pleaded guilty to a one-count indictment alleging a

violation of 8 U.S.C. § 1326, Reentry of removed aliens.  This court sentenced Mr. Hurtado to

serve a prison term of thirty months.  This matter is now before the court on Mr. Hurtado's

Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

Mr. Hurtado, proceeding pro se, identifies four grounds upon which his motion should be

granted: (1) the Notice of Sentencing Enhancement filed by the United States was invalid

because the nature of that enhancement was unclear and it was not included in the indictment or

signed by the foreperson of the grand jury, (2) the sentencing guidelines were inappropriately

applied in the Presentence Report, (3) defense counsel was ineffective, and (4) the sentence

imposed was improper because the correct term of imprisonment should have been no more than

twenty-four months.

The court recognizes that pro se litigants' pleadings should be construed more liberally

than if counsel had drafted them.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. State

of N.M., 113 F.3d 1170, 1173–74 (10th Cir. 1997).  But even under this more lenient standard, Mr. Hurtado's claims for relief are meritless.  For the reasons set forth below, Mr. Hurtado's motion to vacate, set aside, or correct his sentence is DENIED.

## ANALYSIS

### I.  Notice of Sentencing Enhancement

On the same day that Mr. Hurtado was indicted, the United States submitted a Notice of Sentencing Enhancement.  The notice stated that Mr. Hurtado had been previously convicted of Grand Theft Property in the State of California.  Accordingly, the United States gave notice that Mr. Hurtado would be subject to a sentencing enhancement that would elevate the potential term of imprisonment to twenty years and the potential fine to $250,000.  The enhancement was considered by this court at the time of sentencing.

Mr. Hurtado makes two claims concerning the enhancement.  First, he argues that the notice provided by the United States was impermissibly vague in that it failed to identify the particular subsection of 8 U.S.C. § 1326(b) that justified the enhancement.  Second, he argues that the enhancement was not made part of the indictment, was not signed by the foreperson of the grand jury and, therefore, was improperly considered at the time of sentencing.

The court concludes that the Notice of Sentencing Enhancement was not impermissibly vague.  The notice indicated that Mr. Hurtado was subject to an enhanced sentence under 8 U.S.C. § 1326(b).  Although subsection (b) contains four additional subsections, there can be no confusion concerning which part of subsection (b) the United States was relying upon to justify its enhancement request.  The notice expressly states that Mr. Hurtado would be subject to an enhanced sentence of no more than twenty years and may be subjected to a fine of no more than $250,000.  Only one of the four subsections listed in subsection (b) imposes such an

enhancement.  See 8 U.S.C. § 1326(b)(2).  Therefore, any argument that the United States failed to give proper notice as to which code section it was relying upon in seeking the enhancement Mr. Hurtado's sentence must be rejected.

Mr. Hurtado's second allegation of fault concerning the Notice of Sentencing Enhancement is also without merit.  Mr. Hurtado contends that the enhancement should not have been given effect because it was not made part of the indictment or otherwise signed by the foreperson of the grand jury.  It is established law that an enhancement based upon a prior conviction does not need to be charged in the indictment, signed by the grand jury foreperson, or proven beyond a reasonable doubt.  See Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998); accord United States v. Moore, 401 F.3d 1220, 1222-23 (10th Cir. 2005).  Therefore, Mr. Hurtado's second allegation is without merit.

The court also notes that in the Statement by Defendant in Advance of Plea of Guilty, Mr. Hurtado admitted to the prior conviction upon which the United States rested its Notice of Sentencing Enhancement.  (See Statement by Def. in Advance of Plea of Guilty at 9.)  Any concerns Mr. Hurtado had concerning the appropriateness of using that prior conviction could have been raised at either the change of plea hearing or the sentencing hearing.  The present motion marks the first time that Mr. Hurtado has raised this issue.

## II. The Presentence Report

Mr. Hurtado next complains that the Presentence Report inaccurately designated his base offense and specific offense levels and inappropriately portrayed him as a person who has gone "from bad to worse," while ignoring certain mitigating factors.

Although his pleading is less than clear, Mr. Hurtado apparently alleges that the guidelines were applied as mandatory instead of advisory in calculating his base and specific

offense levels.  A review of the Presentence Report reveals no misuse of the guidelines, however.

The report simply provides the offense levels designated by the guidelines and does not imply or

indicate that this court was bound to impose a sentence within the guideline range.  Regardless,

this court was well aware that the sentencing guidelines had been rendered advisory at the time

of Mr. Hurtado's sentencing.  Therefore, the court finds no merit to Mr. Hurtado's contention

that the guidelines were used inappropriately in the Presentence Report or deemed mandatory by

this court.

Mr. Hurtado also complains that the Presentence Report painted an unduly negative

portrait of him and failed to consider cultural assimilation and his ties to family and the

community as mitigating factors.  Initially, the court points out that Mr. Hurtado made no

motions for downward departures on the grounds he now raises.  In any event, the Presentence

Report did provide information on Mr. Hurtado's familial situation and the court is unaware of

any requirement that cultural assimilation or ties to the community be taken into account in the

Presentence Report.[1]  The court concludes that Mr. Hurtado's sentence was reasonable based

upon the factors set forth in 18 U.S.C. § 3553 and can find no error that would justify granting

Mr. Hurtado's present motion.

## III.  Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his

attorney's representation was deficient and that he was prejudiced by that deficiency."  James v.

Gibson, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing Strickland

---

[1]Although Mr. Hurtado does not contend that his attorney provided ineffective assistance for a failure to move the court for a downward departure on the allegedly mitigating factors he identifies, the court will consider Mr. Hurtado's complaint that mitigating factors were improperly disregarded as part of his claim that his defense counsel was ineffective.

v. Washington, 466 U.S. 668, 687 (1984)).  The standard applies to sentencing proceedings and plea hearings as well as at trial.  U.S. v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996).  "Judicial scrutiny of counsel's performance is highly deferential."  Id.  To succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption.  James, 211 F.3d at 555.

Mr. Hurtado complains that his counsel was ineffective because he only visited Mr. Hurtado one time prior to the change of plea hearing and failed to adequately explain the consequences of entering a guilty plea and the effect of the noticed enhancement.  As previously noted, the court also infers that Mr. Hurtado feels that his defense counsel should have moved this court for a downward departure.

The record establishes that Mr. Hurtado had sufficient time to explore the implications of his guilty plea.  At the change of plea hearing Mr. Hurtado answered a series of questions concerning his plea that more than adequately indicated that his plea was made knowingly and voluntarily.  Additionally, Mr. Hurtado signed a Statement in Advance of Plea of Guilty that indicated that he fully understood what was occurring and that Mr. Hurtado was satisfied with his counsel.  Similarly, the presence of the enhancement was acknowledged by Mr. Hurtado, as well as the effect of that enhancement.

Mr. Hurtado has also failed to allege any facts that would allow this court to consider whether the failure to move for a downward departure amounts to an unprofessional error that resulted in prejudice.  In this regard, the court does note that Tenth Circuit precedent indicates Mr. Hurtado's prior criminal history should weigh against the appropriateness of a downward

departure based upon the grounds Mr. Hurtado identifies in his motion.  See United States v. Padilla-Michel, 52 F. App'x. 450, 452-53 (10th Cir. 2002) (upholding district court's refusal to provide a downward departure on cultural assimilation grounds because the defendant's criminal history indicated that assimilation had not occurred).

Mr. Hurtado has alleged no facts that lead this court to conclude that defense counsel committed serious errors in light of prevailing professional norms and that there is a reasonable probability that the outcome would have been different had those errors not occurred.  Strickland, 466 U.S. at 694 (internal quotation omitted).

## IV. Incorrect Term

Mr. Hurtado's final allegation of error is that his prison term should have been limited to twenty-four months.  This claim is contingent upon Mr. Hurtado's assertion that the sentence enhancement was improperly considered.  As discussed above, the enhancement was properly submitted and considered by the court in rendering its sentencing decision.  Therefore, Mr. Hurtado's claim that he was entitled to a sentence no greater than that imposed by 8 U.S.C. § 1326(a) is incorrect and must be rejected.

For the reasons stated above, Petitioner's motion is DENIED.

DATED this 13th day of February, 2006.

BY THE COURT:

_Tena Campbell_

TENA CAMPBELL
United States District Judge